IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-HC-2223-FL

| WILLIAM OVERTON, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| J. ANDREWS, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's motion for summary judgment filed pursuant to Federal Rule of Civil Procedure 56 (DE 12). Petitioner did not respond to the motion and thus the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion.

## BACKGROUND

On May 10, 2014, petitioner was arrested for receiving stolen property and possession of burglary tools by authorities in Prentiss County, Mississippi. (Martin Decl.[1] (DE 17-1) ¶ 5). At the time of his arrest, petitioner was also facing pending charges for grand larceny and parole violation. (Id.) On July 16, 2014, petitioner was sentenced by the Circuit Court of Prentiss County, Mississippi to four-year term of imprisonment for violating the terms of his parole. (See id. ¶ 7 & Attach. 3 (DE 17-4)).

On October 23, 2014, petitioner was indicted in the Northern District of Mississippi on a

---

[1] Kneyse G. Martin ("Martin") submitted a declaration in support of respondent's motion for summary judgment. Martin is employed by the Federal Bureau of Prisons as a Management Analyst. (Martin Decl. (DE 17-1) ¶ 1).

single count of receiving, possessing, and disposing of stolen firearms, in violation of 18 U.S.C. §§ 922(j) and 924. United States v. Overton, No. 4:14-CR-141-GHD-RP-14 (N.D. Miss. Oct. 23, 2014). On November 17, 2014, a magistrate judge in the United States District Court for the Northern District of Mississippi issued writ of habeas corpus ad prosequendum requesting that the State of Mississippi transfer petitioner to the Northern District of Mississippi for his federal criminal proceedings. Id. (Nov. 17, 2014). Petitioner pleaded guilty to his federal charge, and on October 21, 2015, was sentenced to a term of 120 months imprisonment. Id. (Oct. 21, 2015, Oct. 26, 2015). Petitioner's sentence was subsequently reduced to 90 months imprisonment. (Martin Decl. Attach. 12 (DE 17-13)).

According to respondent,[2] petitioner was paroled from his four-year state term of imprisonment on December 28, 2015. (Martin Decl. (DE 17-1) ¶ 12 & Attach. 7 (DE 17-8)). On January 7, 2016, federal authorities mistakenly returned petitioner to Mississippi state custody, with his federal judgment lodged as a detainer. (Martin Decl. (DE 17-1) ¶ 13). Petitioner should not have been returned to state custody on that date because he had been paroled on his state sentence on December 28, 2015. (Id. ¶ 13). On January 13, 2016, petitioner was transferred into Federal Bureau of Prisons ("BOP") custody to begin service of his federal sentence. (Id. ¶ 14).

BOP subsequently prepared a sentence computation for petitioner, and determined petitioner's federal sentence commenced on January 13, 2016, the date petitioner entered "primary" jurisdiction of the federal government. (Id. ¶ 20 & Attachs. 4 (DE 17-5), 8 (DE 17-9)). Petitioner also received prior custody credit from December 29, 2015, through January 12, 2016, for time served in state custody that was not credited to his state sentence (because petitioner was paroled

---

[2]As set forth below, petitioner alleges he was paroled on March 18, 2015.

on December 28, 2015). (Martin Decl. (DE 17-1) ¶¶ 21-23). After including petitioner's good time credits, his current projected release date is August 2, 2022. (Id. ¶ 24).

On September 6, 2016, petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and filed the instant amended petition on September 20, 2016. Petitioner alleges that he was paroled from state custody on March 18, 2015 (not December 28, 2015, as respondent argues), and thus the commencement date of his federal sentence should be March 18, 2015, or, alternatively he should receive additional prior custody credit for time served between March 18, 2015, and December 28, 2015. (See Am. Pet. (DE 4-1) at 2-3). Petitioner also asserts a claim for monetary damages under the Privacy Act, 5 U.S.C. § 552a. Respondent subsequently filed the instant motion for summary judgment, arguing petitioner's claims are without merit. Despite notice of the motion provided pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), petitioner did not respond to the motion. (Roseboro Notice (DE 16)).

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party cannot "resist [the motion] by reference only to its pleadings[,]" id. at 325, but must set forth "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there

3

is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.  Analysis

Pursuant to § 2241, a federal court may issue a writ of habeas corpus to a federal or state prisoner if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). Additionally, "attacks on the execution of a sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc).

Petitioner asserts that he is entitled to credit on his federal sentence for the time period he spent in state custody after his federal indictment and after he was paroled by state authorities. (Am. Pet. (DE 4-1) at 2-3). In order to assess whether petitioner is entitled to credit on his federal sentence, the court must determine: 1) the date on which petitioner's federal sentence commenced, and 2) the amount, if any, of prior custody credit to which petitioner is entitled for time served prior to commencement of the federal sentence. 18 U.S.C. § 3585; see United States v. Wilson, 503 U.S. 329, 330 (1992).

1.  Petitioner's Federal Sentence Commencement Date

A federal term of imprisonment commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). A federal sentence of imprisonment can never commence prior to the date it is imposed. United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998); Barnes v. Masters, 733 F. App'x 93, 96 (4th Cir. 2018); see also United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980).

As set forth above, petitioner alleges he was paroled on March 18, 2015, and he argues his

federal sentence should have commenced on that date, because at that time he was in federal custody pursuant to a writ of habeas corpus ad prosequendum. (Am. Pet. (DE 4-1) at 2-3). Petitioner, however, was not sentenced on his federal conviction until October 21, 2015, and thus his federal sentence could not have commenced prior to that date.[3] Barnes, 2018 WL 2149299, at *2; Flores, 616 F.2d at 841.

Additionally, if respondent was still serving his state sentence at the time his federal sentence was imposed, and the federal sentencing court did not order the federal sentence to run concurrent to the state sentence, petitioner's federal sentence could not have commenced until after he served his state sentence. See 18 U.S.C. § 3584(a) ("[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment [the sentences] run consecutively unless the [federal] court orders that the terms are to run concurrently."); Mangum v. Hallembaek, 824 F.3d 98, 102 (4th Cir. 2016). As the Fourth Circuit has explained in a related context, "[a] federal sentence does not begin to run . . . when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner [to federal authorities] on satisfaction of the state obligation."[4] Evans, 159 F.3d at 912.

Petitioner's federal judgment is silent on whether his federal sentence should run concurrent

---

[3]Petitioner, of course, may be entitled to prior custody credit for the time period March 18, 2015, through October 21, 2015, if he was paroled from state custody on March 18, 2015. See 18 U.S.C. § 3585(b). The court addresses this issue below.

[4]A state obtains primary jurisdiction if it is the first sovereign, state or federal, to take custody of the person. Thomas v. Whalen, 962 F.2d 358, 362 n.7 (4th Cir. 1992); Trowell v. Beeler, 135 F. App'x 590, 594 n.2 (4th Cir. 2005).

or consecutive to the previously-imposed state sentence. United States v. Overton, No. 4:14-CR-141-GHD-RP-14 (N.D. Miss. Oct. 21, 2015, Oct. 26, 2015). As a result, assuming petitioner was serving his state sentence at the time his federal sentence was imposed, his federal and state sentences must run consecutively and his federal sentence could not have commenced until after he was released from state custody. See 18 U.S.C. § 3584(a); Mangum, 824 F.3d at 102; Evans, 159 F.3d at 912. Thus, the issue of when petitioner's federal sentence commenced (and, as discussed below, his prior custody credit) depends to a large extent on when he was actually released from state custody.

In his verified petition, petitioner states that he was released on parole on March 18, 2015. (Am. Pet. (DE 4-1) at 2); see also Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (holding verified complaints based on personal knowledge are competent summary judgment evidence). Respondent, in contrast, submits an executed certificate of parole from the Mississippi Parole Board, stating petitioner was paroled on December 28, 2015. (Martin Decl. Attach. 8 (DE 17-8)). As noted, petitioner did not respond to respondent's motion for summary judgment, and thus did not provide any evidence (beyond the bare assertion in his petition) establishing that he was paroled earlier than December 28, 2015.

"When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007). Here, the record conclusively establishes petitioner was paroled on December 28, 2015, as evidenced by the executed certificate of parole from the Mississippi Parole Board stating petitioner was paroled on that date. In addition, petitioner did not respond to respondent's motion for

summary judgment, and so has raised no challenge as to the authenticity of the certificate of parole. See Iko v. Shreve, 535 F.3d 225, 230 (2008) ("[W]here . . . the record contains an unchallenged videotape capturing the events in question, we must only credit the plaintiff's version of the facts to the extent it is not contradicted by the videotape.") (emphasis added). Finally, it appears petitioner mistakenly believes he was paroled on March 18, 2015, because the certificate of parole granting him parole effective December 28, 2015, was signed on March 18, 2015. (Martin Decl. Attach. 8 (DE 17-8)). Faced with such evidence, no reasonable jury could find petitioner was paroled on March 18, 2015. Scott, 550 U.S. at 380. Accordingly, for purposes of ruling on summary judgment, the court credits the certificate of parole, and finds petitioner was paroled on December 28, 2015.

Respondent also has submitted uncontroverted evidence that petitioner was not delivered to federal authorities for service of his federal sentence until January 13, 2016. (Martin Decl. (DE 17-1) ¶14). If petitioner was released from state custody on December 28, 2015, and was not delivered to the United States Marshal's Service for transport to the detention facility designated for service of his federal sentence until January 13, 2016, petitioner's federal sentence commenced on January 13, 2016. See 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."). Thus, BOP did not err when it found petitioner's federal sentence commenced on January 13, 2016.

Additionally, BOP has authority in certain circumstances to designate a state facility, nunc pro tunc, as the place of service for a federal sentence, which can have the effect of running the state and federal sentences concurrently. See 18 U.S.C. § 3621(b); Mangum, 824 F.3d at 99-100. As

7

explained above, however, where a sentence is "imposed on a defendant who is already subject to an undischarged term of imprisonment" and the federal sentencing court does not specify whether the sentences should run concurrent or consecutive, the sentences must run consecutively. 18 U.S.C. § 3584(a). Here, petitioner was convicted and sentenced in state court before he was indicted on federal charges, and the federal court did not order that the sentences run concurrently. See United States v. Overton, No. 4:14-CR-141-GHD-RP-14 (N.D. Miss. Oct. 26, 2015). Accordingly, the sentences must run consecutively and BOP had no discretion to designate petitioner's state prison as the facility for service of his federal sentence. See 18 U.S.C. § 3584(a).

    2.      Prior Custody Credit

Petitioner also argues he should have been awarded prior custody credit for the time he served in state custody between March 18, 2015, and January 12, 2016. Petitioner is only entitled to prior custody credit for time served in official detention prior to the date the federal sentence commences if such time "has not been credited against another sentence." 18 U.S.C. § 3585(b). As set forth above, the time period between March 18, 2015, and December 28, 2015, was credited to petitioner's state sentence and thus petitioner is not eligible to receive prior custody credit for that period of time. Id. Additionally, petitioner already has received prior custody credit for the time period between December 29, 2015, and January 12, 2016. (Martin Decl. (DE 17-1) ¶ 23). Accordingly, petitioner is not entitled to additional prior custody credit.

    3.      Petitioner's Privacy Act Claim

Petitioner also requests monetary damages for alleged violations of the Privacy Act, 5 U.S.C. § 552a, based on petitioner's allegation BOP failed to accurately maintain records necessary to calculate his release date. See id. (e)(5) (requiring federal agencies to maintain accurate records on

information used to make any determination about any individual). Plaintiff cannot bring a civil claim for monetary damages in this habeas action. See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."). Accordingly, this claim is dismissed without prejudice to file a civil rights action. The court expresses no view on the merits of such a claim.

In sum, BOP accurately calculated the date on which petitioner's federal custody commenced and his prior custody credit. Petitioner's claims for monetary damages are not cognizable in this habeas proceeding. Accordingly, respondent's motion for summary judgment is GRANTED, and the petition is DISMISSED.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues deserve encouragement to proceed further. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Accordingly, the court denies a certificate of appealability.

**CONCLUSION**

Based on the foregoing, respondent's motion for summary judgment (DE 12) is GRANTED and the petition is dismissed. A certificate of appealability is DENIED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 28th day of August, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge